DAVID L. ANDERSON (CABN 149604)
United States Attorney

HALLIE HOFFMAN (CABN 210020)
Chief, Criminal Division

MARJA-LIISA OVERBECK (CABN 261707)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-6809
    FAX: (415) 436-7234
    mari.overbeck@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 20-mj-71144-MAG |
| Plaintiff, | [~~PROPOSED~~] DETENTION ORDER |
| v. | |
| SAMIR GRAY, | |
| Defendant. | |

On August 14, 2020, Samir Gray was charged by criminal complaint with dealing firearms without a license, in violation of Title 18 United States Code Section 922(a)(1)(A).

This matter came before the Court on August 25, 2020 for a detention hearing. The defendant was present and represented by Candis Mitchell, Esq. Assistant United States Attorney Marja-Liisa (Mari) Overbeck appeared for the government. The government moved for detention, and the defendant opposed. At the hearing, counsel submitted proffers and arguments regarding detention.

Upon consideration of the facts, proffers and arguments presented, and for the reasons stated on the record, the Court finds by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of the person as required, and by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of any other

person and the community. Accordingly, the defendant must be detained pending trial in this matter.

The present order supplements the Court's findings and order at the detention hearing and serves as written findings of fact and a statement of reasons as required by Title 18, United States Code, Section 3142(i)(1). As noted on the record, the Court finds by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of the defendant as required, including because (1) when law enforcement attempted to arrest the defendant on August 12, 2020, his initial reaction was to flee, and he did flee at a high rate of speed to evade arrest; (2) the defendant was on probation at the time of the alleged offense conduct, demonstrating that he is not amenable to supervision; (3) the defendant has no viable bail resources; and (4) the defendant's mother, who the defendant proposed as surety/custodian, has a long criminal record. Further, as noted on the record, the Court finds by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of any other person and the community because the defendant's criminal history includes a conviction for a violent assault in 2017, and although that assault was committed while the defendant was a juvenile, the defendant's juvenile conduct is relevant because his actions took place in the recent past. Further, as noted, the defendant was on probation at the time of the current alleged offense, which is also an indicator of danger to the community and the inability of release conditions to mitigate that danger. These findings are made without prejudice to the defendant's right to seek review of defendant's detention, or file a motion for reconsideration if circumstances warrant it.

Pursuant to 18 U.S.C. § 3142(i), IT IS ORDERED THAT:

1. The defendant be, and hereby is, committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

2. The defendant be afforded reasonable opportunity for private consultation with counsel; and

3. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility in which the defendant is confined shall deliver the defendant to an authorized United States Marshal for the purpose of any appearance in connection with a

court proceeding.

///

///

    IT IS SO ORDERED.

DATED: August 25, 2020

_____
HON. THOMAS S. HIXSON
United States Magistrate Judge